The recitals in the award are not evidence for the plaintiff. *Mills* v. *Conner*, 1 Blackf. 7.

On the point touching demurrer to evidence, *Andrews* v. *Hammond*, 8 Blackf. 540; *Pawling* v. *The United States*, 4 Cranch, 219. In the latter case it is said that, "A party demurring admits the truth of the testimony to which he demurs, and also those conclusions of fact which a jury may fairly draw from that testimony. Forced and violent inferences he does not admit, but the testimony is to be taken most strongly against him, and such conclusions as a jury might justifiably draw the Court ought to draw."

-------------------------

## CANAL-BOAT STANDART *v.* BOND.

Attachment against a canal-boat. The master appeared at the trial before the justice; but did not give bond to release the boat. Judgment against the boat. The master appealed to the Circuit Court, giving the usual appeal-bond. In that Court the plaintiff moved to dismiss the appeal, because no bond had been given before the justice for the release of the boat, and the substitution of the master as defendant. Cross motion for leave to file the bond. The Court overruled the latter, and sustained the former motion—dismissing the appeal.

*Held*, that the boat may be released at once by a bond securing the debt.

*Held*, also, that if the bond is not given, the case stands as an ordinary case of attachment.

*Held*, also, that the property may be released by appeal—the appeal-bond being a security substituted for the property.

*Held*, also, that the Circuit Court erred in dismissing the appeal.

APPEAL from the *Fountain* Circuit Court.

PERKINS, J.—*Bond* procured an attachment against the canal-boat *Standart*. The master of the boat appeared at the trial of the claim before the justice, but did not give bond to release the boat. Judgment was rendered against the boat. The master appealed to the Circuit Court, executing a customary appeal-bond.

Nov. Term,
1856.

CANAL-BOAT
STANDART
v.
BOND.
*Friday,*
*December* 5.

In the Circuit Court, the plaintiff in the attachment moved to dismiss the appeal because no bond had been given before the justice for the release of the boat, and the substitution of the master as defendant. The master interposed a cross-motion for leave to then file a bond for the release of the boat. The Court overruled the latter and sustained the former motion, dismissing the appeal.

As an attachment against a boat, in the business season of the year, might be extremely detrimental, if the boat were compelled to remain in the custody of the law during the proceedings, leave is given to release it, at once, by a bond that shall secure the debt that may be due from it. If this bond is not given the case stands as an ordinary case of attachment. If the plaintiff obtain judgment on his claim, the property attached may be sold to satisfy it, if no steps are taken to prevent. But the debtor may appear and replevy the judgment, and thus release the property. Or he may appeal and thus release it. The appeal-bond is a security substituted for the property. See *Lane* v. *Leet*, 2 Ind. R. 535; *Brayton* v. *Freese*, 1 Ind. R. 121.

The Court erred in dismissing the appeal.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. S. Lane, J. Wilson, D. Newell,* and *J. Coburn,* for the appellant.

*R. A. Chandler,* for the appellee.